LipSCOMR, J.
We are satisfied that the judgment retaxing the costs as presented by the record cannot bo sustained. It seems to have been made on motion afloran interval of several years from the rendition of the judgment in the ease against Gage, who was plaintiff in the original suit, and without notice to him that siich a motion would be made. The motion should have shown tiie time when the judgment was rendered and tire time when tiie costs were first taxed, and notice of this motion should have been given to Gage by a service of a copy thereof a reasonable time before it was called up for the action of the court thereon. The party liable for the costs may have paid it to the witness, or tiie negligence of the witness may have been such as not to entitle him to have it taxed in tiie costs of the suit, as his certiiieate does not seem to have been Hied until the motion was made. Such matters of defense could have been inquired iulo if Gage had have had notice of the motion.
Although we are well satisfied that tiie judgment must be reversed, we have had some difficulty in determining how the judgment should be rendered. Gage is entitled to a reversal, and tiie costs therefore could not by any rule of law or principles of justice be adjudged against him; and the defendant in the original suit, who had judgmental her favor for the costs, docs not seem to have had any agency or interest in the proceedings on the motion to retax tiie costs, and Hill, tiie witness, seems to have had no agency in tiie proceedings. It’ would therefore be wrong to tax either of them with the costs. But Stenson made the motion, and, as appears from the record, without t.lie direction of any one else, and it was therefore a matter of controversy between him and Gage, and on the judgment being- reversed it must be at his costs, as the ■record shows that he was the real party plaintiff in the ease.
Judgment reversed.